UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LEVETTE WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>R. MUELA,<br><br>Defendant. | Case No. 25-cv-03057-JSC<br><br>**ORDER RE: (1) PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SCREENING THE COMPLAINT'S ADEQUACY AND (2) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 3, 4 |

Plaintiff sues Defendant, an individual police officer, under 42 U.S.C. § 1983 and the Bane Act for violating Plaintiff's constitutional rights. (Dkt. No. 1.)[1] Before the Court is Plaintiff's application to proceed *in forma pauperis*, (Dkt. No. 2), and his motion for temporary restraining order. (Dkt. No. 3.) Having considered the application, the Court GRANTS Plaintiff's application to proceed *in forma pauperis*. The Court now also screens Plaintiff's complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, DISMISSES the complaint with leave to amend. Further, the Court DENIES Plaintiff's motion for a temporary restraining order.

**A. Complaint Allegations**

Plaintiff is the "main participant and operator of Team: Lord Jesus Christ Youth ministries, headquartered at 5609 Foothill Blvd. in Oakland." (Dkt. No. 1 ¶ 9.) On February 21, 2025, Plaintiff was "present near or upon his private property" when Defendant, an officer of the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

Oakland Police Department, arrived and designated "the property as a 'safe work area' or 'work zone' under Oakland Municipal Code § 9.06.050." (*Id.* ¶ 13.) Plaintiff asked the officers questions about why his property was so designated, but Defendant subsequently arrested and cited Plaintiff. (*Id.* ¶ 17.) "Plaintiff was placed in custody, cited for violating OMC § 9.06.050, and temporarily detained without probable cause, while the garden property was destroyed." (*Id.* ¶ 18.) Defendant "lacked probable cause to arrest Plaintiff, who was peacefully on or near his property, posing no threat and explicitly agreeing to comply." (*Id.* at 9.)

### B. Procedural Background

Plaintiff brings one cause of action under 42 U.S.C. § 1983 for violations of his First, Fourth, Fifth, and Fourteenth Amendment rights and one cause of action under California's Bane Act. (Dkt. No. 1.) Plaintiff alleges he is "seeking monetary damages only," but also seeks injunctive relief barring Defendant from "interference with Plaintiff's property rights and personal liberty." (*Id.* at 11.) After filing his complaint, Plaintiff filed an application to proceed *in forma pauperis* and a motion for temporary restraining order against the Oakland Police Department. (Dkt. Nos. 3, 4.) Plaintiff filed his complaint on April 3, 2025 and the same day filed a parallel complaint against another Oakland Police Department officer. *Washington v. Satterfield*, 25-cv-03058-RS (N.D. Cal.) (Dkt. No. 1.) Judge Seeborg in that case granted Plaintiff's application to proceed *in forma pauperis* and denied his motion for a temporary restraining order before subsequently issuing a *sua sponte* referral to this Court to determine the relationship of that case to this one. *Id.* (Dkt. Nos. 8, 9, 12.) Plaintiff never responded to that Order and this Court subsequently related the cases on July 3, 2025.

Now before the Court are (1) Plaintiff's application to proceed *in forma pauperis*, and (2) his motion for temporary restraining order.

### C. Application to Proceed In Forma Pauperis & § 1915 Screening

Under 28 U.S.C. § 1915, a plaintiff may prosecute an action in federal court *in forma pauperis* if they are able to demonstrate they are unable to pay court fees or security. After granting *in forma pauperis* status, the Court must screen the complaint to determine its eligibility for prosecution. 28 U.S.C. § 1915(e)(2). A court must dismiss a case if the action "(i) is frivolous

2

or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii). In screening a complaint under § 1915, the reviewing court must apply the same standard as motions to dismiss under Fed. R. Civ. P. 12(b)(6) to determine if the complaint fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Under this standard, a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 547 (2007). A plaintiff also fails to state a claim where his complaint is based solely on conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

### 1. Unlawful Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cnty of San Francisco*, 266 F.3d 959, 965 (9th Cir. 2001). A complaint must allege probable cause did not exist based on whether, under "'the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime.'" *Manlove v. Cnty. of San Diego*, 759 F. Supp. 3d 1057, 1063-64 (S.D. Cal. 2024) (quoting *Dubner*, 266 F.3d at 966).

Plaintiff fails to state a § 1983 claim based on his unlawful arrest. Plaintiff alleges Defendant designated an area as a "safe work area" and Defendant told him he was violating a municipal code prohibiting him from being present in a safe work area even though there was an "absence of active construction or any genuine safety operation." (Dkt. No. 1 ¶ 13.) The cited code provision states: "Any person who willfully fails or refuses for any reason, after verbal or written request by a peace officer, to immediately leave an area designated by protected workers as a safe work zone, shall be guilty of a misdemeanor." Oakland Mun. Code § 9.06.050. These allegations fail to lead to an inference of lack of probable cause, however, because Plaintiff fails to allege what property was designated as "a safe work zone" and where he was in relation to that area. (Dkt. No. 1. ¶¶ 13-15.) In other words, Plaintiff does not allege facts that plausibly support

3

an inference of a lack of probable cause because he does not allege that he was not present in an area designated as a safe work area when Defendant detained him.

Similarly, Plaintiff alleges he stated "his willingness to comply" but "sought clarification regarding the basis of the order," and in response, Defendant verbally notified him of the law he was violating. (Dkt. No. 1 ¶ 15-16.) But Plaintiff does not allege he actually complied with Defendant's order that he "walk out." (*Id.*) Instead, Plaintiff alleges Defendant instructed two other officers to arrest and cite him after the conversation continued. (*Id.*)

So, together, these allegations do not support a plausible inference Defendant lacked probable cause to arrest Plaintiff. While Plaintiff also makes conclusory allegations that Defendant "lacked probable cause to arrest Plaintiff," (*id.* at 9), he does not allege facts that support an inference of a lack of probable cause. Plaintiff does not allege where he was when he was arrested, as he merely alleges he was "present near or upon his private property," and he also fails to allege where the private property was that he was allegedly seeking to defend. (*Id.* ¶¶ 13, 15.) Further, Plaintiff alleges he was "temporarily detained without probable cause, while the garden property was destroyed," but he does not allege whether that garden property was his, or where he was in relation to the property, how long he was detained, or in what way. (*Id.*)

So, Plaintiff fails to state a claim under § 1983 for unlawful arrest.

**2. Right to Inquire and Speak Without Retaliation**

"The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state," so the Supreme Court has held such activity is protected by the First Amendment. *City of Houston, Tex. v. Hill*, 482 U.S. 451, 462-63 (1987). To prevail on a First Amendment retaliatory arrest claim, a plaintiff must plead "a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). Put another way, a "plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest." *Id.* at 402.

Here, as explained above, the allegations are insufficient to lead to a plausible inference

4

1  that the arrest was made without probable cause.  As discussed above, Plaintiff does not
2  sufficiently plead the lack of probable cause for his arrest at this time.  Accordingly, the First
3  Amendment also does not support his § 1983 claim.

### 3. Fifth Amendment Claim

The Fifth Amendment prohibits the government from taking private property for public use "without just compensation." U.S. Const. amend. V.  So, "[i]f a local government takes private property without paying for it, that government has violated the Fifth Amendment." *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 189 (2019).

Here, Plaintiff only pleads he "was on or near his property when the arrest occurred." (Dkt. No. 1 at 6.)  He also pleads the arrest and threat of arrest "coerced [him] to relinquish immediate control of his property to destruction," but he never alleges what of *his* property was destroyed.  (*Id.* at 7.)  In other words, he does not plead facts that support a plausible inference he had a property interest in any of the property allegedly destroyed by Defendant or that Defendant took that property for public use.  So, Plaintiff's claim under the Fifth Amendment also fails at this time.

### 4. Fourteenth Amendment Due Process

The Fourteenth Amendment's "Due Process Clause protects individuals against two types of government action. So-called substantive due process prevents the government from engaging in conduct that shocks the conscience, or interferes with rights implicit in the concept of ordered liberty." *United States v. Salerno*, 481 U.S. 739, 746 (1987) (cleaned up).  Meanwhile, to state a claim for lack of procedural due process, a plaintiff must allege, "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Plaintiff does not sufficiently allege either substantive or procedural due process violations.

First, as to his substantive due process claim, Plaintiff bears the "extremely high" burden to allege the government action was "arbitrary and irrational." *Richardson v. City and Cty. Of Honolulu*, 124 F.3d 1150, 1162 (9th Cir. 1997) (citing *Del Monte Dunes v. City of Monterrey*, 920 F.2d 1496, 1508 (9th Cir. 1990)).  "Plaintiff must clearly allege facts from which the court may

draw a reasonable inference that Defendants' actions had no 'legitimate governmental objective.'" *Friedman v. City of Fairfax*, 24-cv-00371-DMR, 2024 WL 3925729, at *13 (N.D. Cal. Aug. 23, 2024) (quoting *Ballinger*, 398 F. Supp. 3d at 575). Plaintiff has not met his burden. Plaintiff alleges that "arresting a compliant citizen under false pretenses or pretextual city codes meets this threshold," (Dkt. No. 1 at 7), but, as shown above, Plaintiff does not sufficiently plead how his arrest was pretextual. Plaintiff further does not sufficiently allege facts that support a plausible inference Defendant lacked probable cause to arrest him or that Defendant acted without any "legitimate government objective." *Friedman*, 2024 WL 3925729, at *13 (cleaned up).

Plaintiff also fails to plead a procedural due process violation. Plaintiff does not sufficiently plead a property interest, so his claim can only be based on Defendant depriving his liberty interest without procedural due process. Because Plaintiff fails to plead his arrest was unlawful he similarly fails to plead he was deprived of procedural due process in his arrest under the same facts. *See Simons v. Marin Cnty.*, 682 F. Supp. 1463, 1470 (N.D. Cal. 1987) ("If the fourth amendment, which specifically governs the standards of arrest has not been breached, neither will the plaintiff be able to state a claim under the more general fourteenth amendment standard.").

*   *   *

So, Plaintiff has not stated a claim for relief under § 1983 arising from his alleged unlawful arrest and property destruction. Because Plaintiff's Bane Act claim is premised on the same conduct, Plaintiff fails to state this claim as well. (Dkt. No. 1 at 9-10.) So, Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

### D.     Temporary Restraining Order

Plaintiff seeks an order restraining and enjoining the City of Oakland from "removing, destroying, or otherwise interfering with Plaintiff's property" on the public street in front of 5609 Foothill Blvd. in Oakland, CA. (Dkt. No. 4 at 1.) Plaintiff does not allege *what* of the removed property actually belongs to him, as he only alleges it is "property pertaining to Team Lord Jesus Christ Youth Ministries." (*Id.* at 2.) Additionally, Plaintiff's suit here is not against the City of Oakland and the City of Oakland is not a named Defendant. (Dkt. No. 1.) The Court cannot

enjoin a party that is not a named defendant in this lawsuit.  Further, Plaintiff alleges the City of Oakland violated his right to free speech and religious expression by removing said property, but these allegations are not made in his complaint and are not sufficiently supported in his motion for a temporary restraining order.  (Dkt. No. 4.)  And, to obtain injunctive relief, such as a temporary restraining order, a plaintiff must "establish that remedies available at law, such as monetary damages, are inadequate to compensate" his injury.  *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).  But in his complaint, Plaintiff avers he only seeks monetary damages arising from Defendant's allegedly unlawful conduct.  (Dkt. No. 1 ¶ 1.)  And for the reasons stated above, Plaintiff has not shown a likelihood of success on the merits.

Plaintiff's motion for a temporary restraining order is therefore DENIED.  *See also Washington v. Satterfield*, No. 25-cv-03058-RS (N.D. Cal.) (Dkt. No. 8 (order denying the same Plaintiff's motion seeking to restrain the same action).)

### E. CONCLUSION

For the reasons stated above the Court:

- DENIES Plaintiff's motion for temporary restraining order;
- GRANTS Plaintiff's motion to proceed in forma pauperis, and;
- DISMISSES Plaintiff's complaint with leave to amend.

If Plaintiff wishes to file an amended complaint to address these deficiencies identified in this Order, he must do so by **August 7, 2025**.  If he does not file an amended complaint by that date, judgment will be entered in Defendant's favor.

As Plaintiff is proceeding without counsel, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiff may also contact the Legal Help Center via telephone: (415)-782-8982, or email: fedpro@sfbar.org for free assistance regarding his claims.

This Order disposes of Docket No. 2.

**IT IS SO ORDERED.**

//

Dated: July 8, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

8